**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| POOL PUNISHER, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　Defendants. | Case No. 22-cv-5947<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Young B. Kim** |

## UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT

Pursuant to the parties' settlement agreement, Plaintiff hereby moves this Court for entry of the Consent Judgment (attached hereto) for the Defendant Nos. 357 "High Forces Llc," 361 "longyanbaikangxinxijishuyouxiangongsi," 364 "longyanyoujuxinxijishuyouxiangongsi," and 369 "longyanshimutaixinxijishuyouxiangongsi."

January 20, 2023

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
brandon@saperlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POOL PUNISHER, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 22-cv-5947<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Young B. Kim** |

## CONSENT JUDGMENT

This action having been commenced by Plaintiff Pool Punisher, LLC ("Plaintiff") against Defendant Nos. 357 "High Forces Llc," 361 "longyanbaikangxinxijishuyouxiangongsi," 364 "longyanyoujuxinxijishuyouxiangongsi," and 369 "longyanshimutaixinxijishuyouxiangongsi."" ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly targets their business activities towards consumers in the United States, including Illinois. Specifically, Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing copies of Plaintiff's copyrighted marketing material to residents of Illinois.

THIS COURT FURTHER FINDS that Defendants are liable for willful copyright infringement (17 U.S.C. § 101).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   b. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrighted marketing materials; and

   c. reproducing, publicly displaying, distributing, or otherwise further infringing Plaintiff's copyrights in the Plaintiff's copyrighted marketing material asserted in the Complaint.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff four thousand one hundred dollars ($4,100) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendants' account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraphs 2 and 3, Walmart shall remove any restraints that were placed on Defendants' e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 18] and Preliminary Injunction Order [ECF 43].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with

prejudice.

6.     Each party shall bear its own attorney's fees and costs.

                          IT IS SO ORDERED:

Dated: _____

                        _____
                        Manish S. Shah
                        United States District Judge