# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| POOL PUNISHER, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　Defendants. | Case No. 22-cv-5947<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Young B. Kim** |

## UNOPPOSED MOTION TO VACATE JUDGMENT AND FOR ENTRY OF CONSENT JUDGMENT

Plaintiff hereby moves this Court to vacate the previously entered Consent Judgment (Dkt 77) for Defendant 333 "shopping_divine-0" ("Defendant") and enter the corrected Consent Judgment attached hereto.

Plaintiff previously filed an unopposed motion for entry of consent judgment for Defendant No. 333 "shopping_divine-0" (Dkt. 74) pursuant to the parties' settlement agreement. Plaintiff's motion was granted, and the Consent Judgment entered on March 20, 2023 (Dkt 77). The order directs Walmart to transfer to $1,500 judgment amount to Plaintiff, however, the Defendant's account is actually on the eBay marketplace. Therefore, a corrected Consent Judgment is needed.

Dated: March 27, 2023

Respectfully submitted,

/s/Brandon Beymer
BRANDON BEYMER (ARDC NO. 6332454)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100
BRANDON@SAPERLAW.COM
ONE OF PLAINTIFF'S ATTORNEYS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POOL PUNISHER, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 22-cv-5947<br><br>**Judge Manish S. Shah** |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Pool Punisher, LLC ("Plaintiff") against Defendant 333 "shopping_divine-0" ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing copies of Plaintiff's copyrighted marketing material to residents of Illinois.

THIS COURT FURTHER FINDS that Defendant is liable for willful copyright infringement (17 U.S.C. § 101).

IT IS HEREBY ORDERED that:

1. The Consent Judgment (Dkt 77) is vacated and replaced by this Consent Judgment.

2. Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained

from:

    a.    committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    b.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrighted marketing materials; and

    c.    reproducing, publicly displaying, distributing, or otherwise further infringing Rinne's copyrights in the Plaintiff's copyrighted marketing material asserted in the Complaint.

3.    Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff one thousand five hundred dollars ($1,500) in damages (the "Damages Amount").

4.    eBay Inc. ("eBay") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

5.    Upon eBay's transfer of Damages Amount to Plaintiff pursuant to paragraphs 2 and 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 18] and Preliminary Injunction Order [ECF 43].

6.    This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

7.    Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: _____

_____
Manish S. Shah
United States District Judge